Redacted

AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>~~[redacted]~~ Phoenix,<br>Arizona, 85051 and a Tan Hyundai Genesis with Arizona<br>license plate FWA4FE registered to Lisa Medina in Phoenix,<br>Arizona. | Case No. 22-8135MB |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before  5-16-22  *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for  30  days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  5/2/22 4:32P   *[signature]*
                                       *Judge's signature*

City and state: <u>Phoenix, Arizona</u>         <u>Honorable John Z. Boyle, U.S. Magistrate Judge</u>
                                                *Printed name and title*

# ATTACHMENT A

*Property to be searched*

The property to be searched is:

1. ███████████████████████████, Phoenix, Arizona, 85051, further described as a unit on the first floor of building 3 of multi-unit apartment-style community. The community is made of multiple units that appear to be made of white stucco with maroon doors that have blue trim around the door and windows. Unit 314 is located downstairs on the northwest corner of building 3. Unit 314 has a front door that faces north, is maroon in color, has a blue trim, and states number 314 on a tan placard with maroon lettering affixed to a white stucco wall appearing upon entry to the right-side of the door.

2. Tan Hyundai Genesis with Arizona license plate FWA4FE registered to Lisa Medina in Phoenix, Arizona.

Redacted

# ATTACHMENT B

*Property to be seized*

1. Any illegal controlled substances;

2. Books, records, receipts, notes, ledgers, invoices, and any other documentation related to the manufacture, importation, transportation, ordering, purchase, sale, or distribution of controlled substances;

3. Drug ledgers, drug customer lists, drug inventory lists, weights and prices, dealer lists, criminal associates lists, or any notes containing the individual names of such persons, telephone numbers or addresses of these customers or dealers, and any records of accounts receivable, money paid or received, drugs supplied or received, cash received, or to be paid for controlled substances, or intended to be paid for controlled substances;

4. Records relating to the receipt, transportation, deposit, transfer, or distribution of money, including but not limited to, direct deposit confirmations, wire transfers, money orders, cashier's checks, check stubs, PayPal or other electronic money transfer services, check or money order purchase receipts, account statements, and any other records reflecting the receipt, deposit, or transfer of money;

5. United States currency, foreign currency, financial instruments, negotiable instruments, jewelry, precious metals, stocks, bonds, money wrappers, and receipts or documents regarding purchases of real or personal property;

6. Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;

7. Currency counters;

8. Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises and any vehicles found thereon during the execution of the warrant, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

9. Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10. Paraphernalia related to the importation, transportation, use, or distribution of controlled substances or proceeds from the sale of controlled substances, including materials commonly used for the clandestine shipment thereof, including but not limited to, scales, bottles, mixing bowls, spoons, grinders, cutting agents, cutting boards, baggies, knives/razors, plastic wrap/cellophane, tape, seals, boxes, packaging materials, scent masking agents, shipping labels, and storage containers;

11. Firearms, ammunition, magazines, cases, boxes, holsters, slings, gun pieces, gun cleaning items or kits, ammunition belts, original box packaging, targets, expended pieces of lead, and records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over firearms and ammunition.

12. Motor vehicle titles, bills of sale, lien information, title transfer applications, or other documents evidencing the purchase, sale, or transfer of any motor vehicle.

13. Any items of evidence related to the vehicle utilized by the Suspects including forensic processing of the above listed vehicle, the silver Hyundai Genesis Equus with Arizona license plate FWA4FE, to include processing the vehicle for DNA, Latent Prints, and photographs;

14. Any and all electronic devices including cellular phones and other electronics commonly used to communicate in order to manufacture and/or traffic illegal drugs; and

15. Any computers, laptops or tablet type devices commonly used to sync with cellular phones believed to be used to communicate information relevant to this crime.

Redacted

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮, Phoenix, Arizona, 85051 and a Tan Hyundai Genesis with Arizona license plate FWA4FE registered to Lisa Medina in Phoenix, Arizona. | Case No. 22-8135 MB |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property: **As further described in Attachment A**

located in the District of Arizona, there is now concealed: **As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 856 | Maintaining a Drug Involved Premises |
| 21 U.S.C. § 843(b) | Use of a Communication Facility to Commit a Federal Drug Felony |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering |
| 18 U.S.C. § 1956(a) | Concealment Money Laundering |
| 18 U.S.C. § 922 | Felon in Possession of Firearm / Ammunition |

The application is based on these facts: **See attached Affidavit of Task Force Officer Robert McCabe**

☒ Continued on the attached sheet.
☐ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Heather H. Sechrist

*signature*
Digitally signed by HEATHER SECHRIST
Date: 2022.05.02 15:15:41 -07'00'

*Applicant's Signature*
Digitally signed by ROBERT MCCABE
Date: 2022.05.02 15:21:18 -07'00'

Robert McCabe, Drug Enforcement Administration TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/2/22  4:32 pm

*Judge's signature*

City and state: Phoenix, Arizona

Honorable John Z. Boyle, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is:

1. ███████████████████████████, Phoenix, Arizona, 85051, further described as a unit on the first floor of building 3 of multi-unit apartment-style community. The community is made of multiple units that appear to be made of white stucco with maroon doors that have blue trim around the door and windows. Unit 314 is located downstairs on the northwest corner of building 3. Unit 314 has a front door that faces north, is maroon in color, has a blue trim, and states number 314 on a tan placard with maroon lettering affixed to a white stucco wall appearing upon entry to the right-side of the door.

2. Tan Hyundai Genesis with Arizona license plate FWA4FE registered to Lisa Medina in Phoenix, Arizona.

# ATTACHMENT B

*Property to be seized*

1. Any illegal controlled substances;

2. Books, records, receipts, notes, ledgers, invoices, and any other documentation related to the manufacture, importation, transportation, ordering, purchase, sale, or distribution of controlled substances;

3. Drug ledgers, drug customer lists, drug inventory lists, weights and prices, dealer lists, criminal associates lists, or any notes containing the individual names of such persons, telephone numbers or addresses of these customers or dealers, and any records of accounts receivable, money paid or received, drugs supplied or received, cash received, or to be paid for controlled substances, or intended to be paid for controlled substances;

4. Records relating to the receipt, transportation, deposit, transfer, or distribution of money, including but not limited to, direct deposit confirmations, wire transfers, money orders, cashier's checks, check stubs, PayPal or other electronic money transfer services, check or money order purchase receipts, account statements, and any other records reflecting the receipt, deposit, or transfer of money;

5. United States currency, foreign currency, financial instruments, negotiable instruments, jewelry, precious metals, stocks, bonds, money wrappers, and receipts or documents regarding purchases of real or personal property;

6. Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;

7. Currency counters;

8. Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises and any vehicles found thereon during the execution of the warrant, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

9. Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10. Paraphernalia related to the importation, transportation, use, or distribution of controlled substances or proceeds from the sale of controlled substances, including materials commonly used for the clandestine shipment thereof, including but not limited to, scales, bottles, mixing bowls, spoons, grinders, cutting agents, cutting boards, baggies, knives/razors, plastic wrap/cellophane, tape, seals, boxes, packaging materials, scent masking agents, shipping labels, and storage containers;

11. Firearms, ammunition, magazines, cases, boxes, holsters, slings, gun pieces, gun cleaning items or kits, ammunition belts, original box packaging, targets, expended pieces of lead, and records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over firearms and ammunition.

12. Motor vehicle titles, bills of sale, lien information, title transfer applications, or other documents evidencing the purchase, sale, or transfer of any motor vehicle.

13. Any items of evidence related to the vehicle utilized by the Suspects including forensic processing of the above listed vehicle, the silver Hyundai Genesis Equus with Arizona license plate FWA4FE, to include processing the vehicle for DNA, Latent Prints, and photographs;

14. Any and all electronic devices including cellular phones and other electronics commonly used to communicate in order to manufacture and/or traffic illegal drugs; and

15. Any computers, laptops or tablet type devices commonly used to sync with cellular phones believed to be used to communicate information relevant to this crime.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Robert McCabe, being first duly sworn, hereby deposes and states as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Phoenix, Arizona 85051 and a Hyundai Genesis with Arizona license plate FWA4FE registered to Lisa Medina in Phoenix, Arizona (hereinafter the "**Subject Premises**"), as further described in Attachment A, in order to search for and seize the items outlined in Attachment B, which represent evidence, fruits, and/or instrumentalities of the criminal violations further described below.

2. I am a Task Force Officer (TFO) with Drug Enforcement Administration (DEA), and I have been since October 1, 2021. I am currently assigned to Group 16/DEALERS.

3. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

4. In addition to being a DEA TFO, I am a Detective with the Goodyear Police Department (GPD), and I have been employed with the GPD since August 2016 and assigned to the Special Investigations Unit since July 2017. I also served in the GPD as a uniformed patrol officer and a Crisis Intervention Officer (CIT). Previously, I was employed by the Scottsdale Police Department (SPD) as a sworn officer from November 2006 to July 2016. I have been trained in investigations. I attended the Arizona Law Enforcement Academy (ALEA) class #422 and received basic patrol and investigative training. I attended Pre-Academy, Post-Academy and Field Training conducted by the SPD Training Unit and Field Training conducted by the GPD Training Unit. Upon graduation from the Academy in April 2007, I worked for the SPD as a uniformed patrol officer (USB),

Gang Liaison Officer (GLO), Fraudulent Document Recognition Expert (FDRE), Narcotics Trained Officer (NTO) and Investigative Services Officer (ISO). From 2010 to 2016, I served as a Detective with the SPD Investigative Services Bureau (ISB), Crimes Against Person (CAP) Section, Gang Investigations Unit (GIU) and with the SPD Investigative Services Bureau (ISB), Crimes Against Person (CAP) Section, Domestic Violence Unit (DVU). I also served the SPD as a Field Trainer in the Crimes Against Person Section training detectives.

5. I have conducted and participated in numerous investigations involving property related crimes (including burglary, criminal damage, fraud, identity theft, trespass, shoplifting, trafficking in stolen property, organized retails theft, computer-related crimes, forgery, weapons violations and criminal syndicates/gang crimes) that resulted in both misdemeanor and felony arrests. I have conducted and participated in numerous investigations involving persons related crimes (including disorderly conduct, assault, sexual assault, sexual molestation, homicide, suicide, domestic violence, crimes against children, missing persons, kidnapping, and armed robberies) that resulted in both misdemeanor and felony arrests. I have conducted and participated in numerous drug investigations to include actions taken to both prevent the sale and use of illegal substances including marijuana, cocaine, ecstasy, heroin and methamphetamine that resulted in felony arrests. I have conducted and participated in numerous drug investigations involving the abuse and illegal sale of prescription medications that resulted in felony arrests. I have conducted and participated in numerous gang-related investigations to include weapon violations, criminal enterprise, homicide, threats, assault, burglary, theft and varied sex crimes that resulted in misdemeanor and felony arrests. During this time, I became familiar with the ways in which crimes are committed with respect to property, persons, drugs and computer/electronic devices to promote further offenses (sometimes involving dangerous and non-dangerous crimes).

6.  I have spoken to knowledgeable persons about the methods and practices of persons involved in property crimes, drug offenses, weapons offenses, violent offenses and criminal traffic offenses. All of these types of sources of information have provided me with objective details of the methods and practices of property crimes, drug investigations, weapons offenses, violent offenses and criminal traffic offenses as well as those methods and practices that are used to promote and record such offenses.

7.  I have participated in numerous surveillances and arrests of property crime related suspects and person crime related suspects. I attended and successfully completed numerous schools presented by the GPD, SPD and the Arizona Peace Officers and Training (AZPOST) to include Field Drug Identification, Sex-Crimes, Domestic Violence Crimes, Gang Related Crimes and Racially Motivated Criminal Activity. Additionally, these schools and seminars addressed techniques used to identify, investigate and recognize methods of both property crime and person crime offenses. I have attended and successfully completed other schools. These include a certification in basic field-testing of unknown powders and investigation of clandestine labs. The focus of these schools was to educate the participants in drug identification, investigative methods and techniques, officer safety issues and current trends and methods used by the traffickers of stolen property, narcotics, dangerous drugs and marijuana. Additionally, these schools and seminars addressed techniques used to identify, investigate, infiltrate, and recognize the methods used by these traffickers and the members of their organizations. As a component, part of the education involved the study of the methods by which criminals hide and conceal evidence (including drugs and assets) from law enforcement detection.

8.  While in law enforcement, I have participated in hundreds of property-related investigations and hundreds of narcotic related investigations. I am familiar with the methods used by those engaged in criminal activity, drug activity and controlled substance activities to conduct their business, transport and distribute their products, protect their

3

associates and conceal their identities, avoid detection and identification of the assets, and activities and whereabouts.

9. The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; analysis of public records; analysis of social media information; analysis of telephone records; and analysis of financial records.

10. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

II. **PROBABLE CAUSE**

11. On May 2, 2022, Special Agents (SA) and Task Force Officers (TFO) with the Drug Enforcement Administration (DEA) began conducting surveillance at ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Investigators saw a 2020 White Dodge Charger with Arizona license plate 3NA74G (hereafter, the Dodge Charger) parked on the west-side of Building 3.

12. Vanessa PRIETO MUNOZ is the registered owner of the Dodge Charger. Investigators learned from reports generated by local dealerships the vehicle was purchased recently in two cash payments by PRIETO MUNOZ for a total of approximately $63,238.00. PRIETO MUNOZ has been employed in the past, but her Department of Economic Security (DES) reported income over the last year is $16,452.38 (second quarter 2021 to first quarter 2022) and does not appear to support the purchase.

13. The Dodge Charger was in the northwest corner of 8242 North Black Canyon Highway, Phoenix, Arizona, at approximately 0800 hours. Surveillance was conducted on the vehicle. A Hispanic male with tattoos on both arms exited the area of building 3 and

4

accessed the Dodge Charger and then returned to the building. Investigators were able to identify the Hispanic male as Marco Antonio MEDINA based on prior photographs. Marco MEDINA is a convicted felon (Maricopa County Superior Court, CR2012-129723-001, Burglary 2nd Degree, ARS § 13-1507 Felony) and has three warrants for his arrest out of the Maricopa County Superior Court (CR2021-101966-001, Possession of Narcotic Drug for Sale; CR2016-156499, Aggravated Assault; CR2021-101966-001, Unlawful Flight from Law Enforcement Vehicle).

14. MEDINA was observed driving to 8617 North 27th Avenue, Phoenix, Arizona 85051 and contacting several subjects in the parking lot of the Circle K at this address. Based on MEDINA's behavior, investigators believed MEDINA may have been involved in hand-to-hand drug transactions with at least two different people.

15. Investigators attempted to contact MEDINA in the parking lot at his vehicle. MEDINA ran on foot southbound from officers and was detained a short distance from 8617 North 27th Avenue. When MEDINA was detained for his warrants he was found with a handgun (Glock 35), which was loaded with a magazine with ammunition and with a .40 caliber round in the chamber, tucked into his waistband.

16. MEDINA was placed under arrest. MEDINA was advised of his Miranda Rights. MEDINA stated there were fentanyl pills, methamphetamine, and Xanax bars in his vehicle. MEDINA said there were no other guns in the vehicle. MEDINA stated there were approximately 150,000 more fentanyl pills in his apartment. MEDINA consented to a search of the Dodge Charger, and he signed a consent to search form. MEDINA also stated that PRIETO MUNOZ has bought two vehicles with US Currency received from an individual he would not identify. The money was used to purchase the Dodge Charger and a Cadillac and then the vehicles were given to MEDINA and another unknown subject.

17. While investigators were interviewing MEDINA, other investigators interviewed subjects on scene that had contact with MEDINA just before he fled on foot.

5

Investigators learned the following: Two of the subjects said that they were present to purchase fentanyl pills from MEDINA. MEDINA regularly sold them fentanyl pills. MEDINA offered them cocaine, methamphetamine, and Xanax in the past. MEDINA resides at the complex at ███████████████████████, Arizona 85051.

18. During the search of the Charger, investigators found the following: three more handguns loaded with ammunition, unloaded ammunition, approximately 15,000 fentanyl pills, approximately five pounds of methamphetamine, over ten bottles filled with Xanax pills, other various pills, powder, and liquid drugs packaged for resale, and six cellular phones.

19. MEDINA advised he would identify his apartment for investigators. He was transported to ███████████████████, where he indicated apartment ██ was where he currently resides.

20. As MEDINA identified the apartment, he also identified the Hyundai Genesis with Arizona license plate FWA4FE as the vehicle utilized by PRIETO MUNOZ. The vehicle is parked at ███████████████████, Phoenix, Arizona, just outside of apartment ██. The Hyundai sedan is registered to Lisa Medina at a different address in Phoenix, Arizona. According to MEDINA, Lisa Medina (the registered owner) is his mother.

21. Investigators knocked on the front door of apartment ██ to ask anyone present to exit the apartment. Vanessa PRIETO MUNOZ answered the door and exited the apartment along with her young child. The apartment has not been searched. The apartment is believed to be empty of persons.

22. Based on MEDINA's statements about the vehicles being purchased by an unidentified subject with cash, along with the Hyundai Genesis being parked just outside of ███████████████████████, your affiant believes these vehicles are purchased and/or registered in other individual's name in order to avoid law enforcement

detection. Based on the Dodge Charger being utilized in drug transactions on May 2, 2022, MEDINA leaving the area of apartment ▮ just before the drug transactions, and MEDINA's statements about more fentanyl being located in apartment ▮ at ▮▮▮▮▮▮▮▮▮▮, your affiant believes evidence related to the listed criminal violations (see paragraph 26 below) will be located within ▮▮▮▮▮▮▮▮▮▮▮, Phoenix, Arizona and within the Hyundai Genesis with Arizona license plate FWA4FE.

### III. ITEMS TO BE SEIZED

23. Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found at the **Subject Premises**.

24. Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows the following:

    a. Drug traffickers often keep large amounts of United States currency on hand in order to maintain and finance their ongoing trafficking activities. Traffickers commonly maintain such currency where they have ready access to it, such as in their homes and vehicles. It is also common for traffickers to possess drug proceeds and items purchased with proceeds in their homes and vehicles. Thus, it is common for currency, expensive jewelry, precious metals, or financial instruments to be found in the possession of drug traffickers.

    b. Traffickers and persons involved in the manufacturing, distribution, and possession of controlled substances often possess firearms and other weapons, both legal and illegal, in order to protect their person, drugs, or the proceeds of drug transactions. Traffickers commonly maintain such firearms and weapons where they have ready access to them, such as on their person, in their homes, and in their vehicles. In addition, other

firearm-related items, such as gun pieces, ammunition, gun cleaning items or kits, holsters, ammunition belts, original box packaging, targets, expended pieces of lead, photographs of firearms, and paperwork showing the purchase, storage, disposition, or dominion and control over firearms, ammunition, and related items are commonly possessed by drug traffickers along with their firearms.

    c.    Traffickers often maintain paraphernalia for manufacturing and distributing controlled substances, including packaging materials, scales, and cutting agents. Traffickers commonly maintain such paraphernalia at stash houses, in their homes, or in their vehicles.

    d.    Traffickers often maintain paper records of their drug trafficking and money laundering activities. Your Affiant knows that such records are commonly maintained for long periods of time and therefore are likely to be found at the **Subject Premises**.

    e.    Drug traffickers commonly use computers, cellular telephones, and other electronic devices to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of computers and electronic devices to further their drug trafficking and money laundering activities. Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on electronic storage media found at the **Subject Premises**, as further described below.

25.    In addition to items which may constitute evidence, fruits and/or instrumentalities of the crimes set forth in this Affidavit, your Affiant also requests permission to seize any articles tending to establish the identity of persons who have dominion and control over the **Subject Premises**, including rent receipts, utility bills,

telephone bills, addressed mail, personal identification, keys, purchase receipts, sale receipts, photographs, vehicle pink slips, and vehicle registration.

IV. **CONCLUSION**

26. Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence, fruits, and/or instrumentalities of violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), 21 U.S.C. § 856 (Maintaining a Drug-Involved Premises), 21 U.S.C. § 843(b) (Use of a Communication Facility to Commit a Federal Drug Felony), 18 U.S.C. § 1956 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering), 18 U.S.C. § 1956(a)(1)(B)(i) (Concealment Money Laundering), and 18 U.S.C. § 922 (Felon in Possession of Firearm/Ammunition), are likely to be found at the **Subject Premises**, which is further described in Attachment A.

*Digitally signed by ROBERT MCCABE*
*Date: 2022.05.02 15:28:01 -07'00'*

Task Force Officer Robert M. McCabe
Drug Enforcement Administration

Subscribed and sworn to before me this  2nd  day of  MAY , 2022.

HONORABLE JOHN Z. BOYLE
United States Magistrate Judge